## Smith *versus* Simpson.

1. Taxes $25.10 were assessed on a lot in Philadelphia in 1859. It was sold under a judgment in 1863 for $610; the purchase-money was brought into court and distributed. In 1864 the city entered a lien against the lot for the taxes, under which it was again sold. *Held*, that the city having failed to claim the taxes from the fund in court, the lien did not follow the land in the hands of the final purchaser.

2. The sum arising from the sheriff's sale was primâ facie sufficient to pay the taxes and costs, and it lay upon the second purchaser to rebut the presumption.

3. City taxes are a prior lien, but liable to be divested by a judicial sale under a junior encumbrance, subject only to the restriction of Act of 11th March, 1846, ¿ 6 (*Municipal Claims*), for so much as the proceeds of sale will not pay.

January 7th 1869.   Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ.   WILLIAMS, J., at Nisi Prius.

Error to the District Court of *Philadelphia*: No. 105, to July Term 1868.

This was an action of ejectment for a house and lot in Philadelphia, brought July 25th 1867, by William Simpson against Thomas Crank, who was in possession as tenant of Mary Jane Smith, wife of Daniel Smith.   Mrs. Smith was afterwards admitted to defend as landlord.

The premises in dispute were part of a larger lot, formerly belonging to Robert S. Harris.   They had been conveyed to Samuel M. Foster, subject to a ground-rent.   The land was sold by the sheriff on a judgment for arrearages of ground-rent, and conveyed by him to the plaintiff on the 7th day of February 1863.   The amount of the purchase-money was $750, of which $610 were brought into court, distributed and paid out by order of the court.   On the 29th of October 1864 the city of Philadelphia entered a lien against the whole lot as owned by Harris for taxes, amounting to $25.10, assessed against him in 1859, and it was sold by the sheriff on the 3d April 1865 to Mrs. Smith. After two years from the sale she obtained possession of the premises, and the plaintiff brought this ejectment to recover them.

The defendant submitted these points:—

"1. That the sale of the premises for arrears of ground-rent would not discharge the claim for taxes unless the same was actually paid, and in the absence of any testimony on that point the jury should find a verdict for the defendant.

"2. That the plaintiff in this case is bound to show that the proceeds of sale were sufficient in point of fact to pay or discharge the tax claim, and not having shown this, the verdict should be for the defendant."

The court (Thayer, J.) declined to affirm these points, and

[Smith *v.* Simpson.]

instructed the jury:—" The sheriff's sale of the property in question for arrearages of ground-rent made February 2d 1863, had divested the lien of the taxes which accrued in 1859, it having been proven that the sheriff's sale produced a much larger sum than was requisite to satisfy the ground-rent arrearages and taxes, and there being no evidence of any other liens to be paid out of the purchase-money, and that consequently the subsequent sheriff's sale for said taxes to the defendant's lessor passed no title to her."

The verdict was for the plaintiff. On writ of error by the defendant, she assigned for error the answers to her points.

*A. Thompson*, with whom was *J. W. Powell*, for plaintiff in error, cited Act of March 11th 1846, § 6, Pamph. L. 115, Purd. 752, pl. 32; Gormley's Appeal, 3 Casey 49.

*W. F. Johnson*, for defendant in error, cited City *v.* Cooke, 6 Casey 56; Duffy *v.* City, 6 Wright 192.

The opinion of the court was delivered, January 14th 1869, by
AGNEW, J.—The city tax was $25.10, and the sale in the proceeding to collect the ground-rent $750, of which some $610 were brought into court for distribution. Primâ facie this sum was sufficient to pay the taxes and costs, and it lay on the defendant to rebut this presumption. If the city failed to demand its claim from the sheriff, or to take the steps to obtain it, the lien will not follow the property in the hands of the purchaser at the sheriff's sale. City taxes under the Act of 1824, and its supplements, are a prior but a divestible lien, unlike the fixed lien of a mortgage, which cannot be divested by a sale on a junior encumbrance, its lien is liable to be divested by any judicial sale, subject only to the restriction contained in the 6th section of the Act of 11th March 1846, which preserves the lien of so much of the tax as the proceeds of sale are insufficient to pay. This is the result of the decisions Northern Liberties *v.* Swain, 1 Harris 113, 202; City *v.* Cooke, 6 Casey 56, qualifying Gormley's Appeal, 3 Id. 49; Duffy *v.* City, 6 Wright 192.

Judgment affirmed.