## Philadelphia, Appellant, *v.* Powers.

*Taxation—Lien of taxes—Sheriff's sale—Discharge of lien.*

Under the Acts of February 3, 1824, P. L. 18, and March 11, 1846, P. L. 114, taxes in the city of Philadelphia are discharged by a sheriff's sale if the proceeds of the sale are sufficient to pay them.

Where real estate in the city of Philadelphia is sold under proceedings on a mortgage for $7,000, and it appears that taxes aggregating $2,000 for four years were at the time liens upon the property, and the city receives from the proceeds the taxes for the two years immediately preceding the sale, but makes no demand for the taxes for the other two years, any claim filed for such taxes, or judgment entered on such claim, is absolutely void.

Argued Jan. 15, 1906. Appeals, Nos. 244 and 245, Jan. T., 1905 by plaintiff, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1879, No. 499, M. L. D. on verdict for defendant in case of City of Philadelphia v. George Powers, Owner, William Hunt, Registered Owner, and the City Trust, Safe Deposit and Surety Company, Executor and Trustee under the will of William J. Swain, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Scire facias sur municipal lien for taxes.

The facts are stated in the opinion of the Supreme Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1) in opening the judgment; (2) in giving binding instructions for defendant.

*Mayne R. Longstreth,* with him *James Alcorn,* assistant city solicitors, and *John L. Kinsey,* city solicitor, for appellant.— One who buys land subject to a lien cannot strike off for defects occurring prior to his purchase. His only defenses are subsequent satisfaction, or plea of nul tiel record, and that will fail if a judgment in form is produced : Hauer's Appeal, 5 W. & S. 473 ; Drexel's Appeal, 6 Pa. 272; Milleisen v. Senseman, 4 Pa. Superior Ct. 455 ; Davidson v. Thornton, 7 Pa. 128 ; Miners' Trust Company Bank v. Roseberry, 81 Pa. 309 ; France v. Ruddiman, 126 Pa. 257.

Nor have subsequent judgment creditors of a defendant in a judgment any standing to apply to have the judgment opened or set aside : Campbell v. Sloan, 62 Pa. 481 ; Woods v. Irwin, 141 Pa. 278 ; Moore v. Dunn, 147 Pa. 359; Holshue v. Morgan, 170 Pa. 217; Sponsler's Appeal, 127 Pa. 410.

He who is guilty of laches can expect no favorable action by the court. Long delay is a strong circumstance against the applicant : Littster v. Littster, 151 Pa. 474 ; Lytle v. Hoover, 175 Pa. 408 ; Philadelphia v. Wallace, 7 Pa. Dist. Rep. 721 ; Adams v. Grey, 154 Pa. 258 ; Gillespie v. Rogers, 184 Pa. 488; Cyphert v. McClune, 22 Pa. 195; Vanline v. Finney, 1 W. N. C. 8 ; Saunders's App., 19 W. N. C. 507 ; Schenck's App., 94 Pa. 37 ; Applebee's App., 126 Pa. 385 ; Phila. v. Michener, 7 W. N. C. 558.

And the right to have a judgment stricken off for irregularities is lost by acquiescence for a considerable period of time and until after the revival of the judgment by sci. fa. duly served on the defendant : Henderson v. Henderson, 13 W. N. C. 533 ; Harper v. Biles, 115 Pa. 594.

*William C. Ferguson,* for appellee, cited : Smith v. Simpson, 60 Pa. 168; Phila. v. Hiester, 142 Pa. 39 ; Phila. v. Kates,

150 Pa. 30; Holmes v. R. R. Co., 18 W. N. C. 429; Hickernell's App., 90 Pa. 328; Kneedler's App., 92 Pa. 428; Phila. v. Browning, 13 Pa. Superior Ct. 164; Phila. v. Reeves, 15 Pa. Superior Ct. 535; Phila. v. Unknown Owner, 20 Pa. Superior Ct. 203.

OPINION BY MR. JUSTICE FELL, March 5, 1906:

Under proceedings on a mortgage, real estate in Philadelphia, against which taxes for four years amounting to about $2,000 had been assessed, was sold by the sheriff in 1878 for $7,000. The city collected from the sheriff the taxes for 1877 and 1878, but made no claim for those of 1875 and 1876. The sheriff's docket shows two receipts by the proper officer of the city, one for the taxes of 1878 and one for "$598.61, taxes prior to 1878." In 1879 the city filed a claim for taxes for 1875 and 1876, and brought suit thereon in 1884 and obtained judgment for want of an affidavit of defense in 1889. This judgment was revived in 1894 and again in 1899. The scire facias issued in 1884 was served on the registered owner who conveyed the real estate to Swain in 1892. In 1903 the trustee of Swain's estate obtained a rule to show cause why the judgment should not be opened, which was made absolute. The issue tried was whether the lien of the taxes for which judgment had been obtained had been discharged by the sheriff's sale in 1878. One of these appeals is from the order opening the judgment, the other is from the direction to the jury to find for the defendant. It was agreed at the trial that "Swain in no way assumed the payment of the taxes, either actually or constructively."

Under the Acts of February 3, 1824, P. L. 18, and March 11, 1846, P. L. 114, taxes in the city of Philadelphia are discharged by a sheriff's sale if the proceeds of the sale are sufficient to pay them: Smith v. Simpson, 60 Pa. 168. The fund realized by the sheriff's sale in 1878 was sufficient to pay the costs and taxes, and the lien of the taxes was discharged. If the claim for taxes had been a valid one, the lien was lost by the failure to bring suit within five years from the time the taxes became due: Philadelphia v. Hiester, 142 Pa. 39; Philadelphia v. Kates, 150 Pa. 30. It is argued, however, that when Swain took title he had constructive notice that a claim had been filed and judgment obtained thereon, and that he had no standing

as terre-tenant to contest the validity of the judgment. A search of the record would have disclosed a claim for taxes filed after a sheriff's sale which discharged them, and a receipt by the proper officer showing their actual payment ; and that a scire facias had been issued on this claim three years after the right of action was-barred. Swain was not in the position of a purchaser of land subject to an encumbrance who seeks to avoid it because of an irregularity which his grantor might have taken advantage of. The lien in this case had nothing to support it, and was absolutely invalid. It was discharged by operation of law, if not by actual payment. In Smith v. Simpson, 60 Pa. 168, it was held that a sheriff's sale for taxes, the lien of which had been discharged by a prior sheriff's sale on a judgment for arrears of ground rent, passed no valid title to the purchaser.

The judgment is affirmed.