## Bellevue Borough, Appellant *v.* Umstead.

*Municipal liens—Continuance of lien after judicial sale—Mortgage—Act of May* 16, 1891, *P. L.* 69, *June* 4, 1901, *P. L.* 364, and *May* 28, 1907, *P. L.* 280.

1. There is nothing in the Act of June 4, 1901, P. L. 364, repealing the Act of May 16, 1891, P. L. 69, which exhibits any intention on the part

of the legislature of generally preserving municipal liens against property which has been sold at sheriff's sale.

2. Between the dates of the passage of the Act of June 4, 1901, P. L. 364, and the Act of May 28, 1907, P. L. 280, there was no law which preserved municipal liens against property which had been sold at a judicial sale on a mortgage. A judicial sale on a mortgage between these dates, which produced a fund sufficient only to pay costs, discharged both the mortgage and a municipal lien on the land.

3. The thirty-second section of the Act of June 4, 1901, P. L. 364, which provides that "a judicial sale of the property liened, shall not discharge the lien of any other tax or municipal claim than that upon which such sale is had, except to the extent that the proceeds realized are sufficient for its payment," applies only to a sale which itself is founded on a tax lien or a municipal claim, and has no application to judicial sales founded on mortgages, judgments, recognizances, decrees or otherwise.

4. All liens against a property are divested by a judicial sale unless clearly preserved by an act of the legislature.

Argued April 29, 1908. Appeal, No. 215, April T., 1908, by plaintiff, from judgment of C. P. No. 2, Allegheny Co., July T., 1906, No. 504, for defendant on case stated in suit of Bellevue Borough v. L. E. Umstead, with notice to George H. Quaill. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Case stated to determine the validity of a municipal lien for grading and paving. Before FRAZER, P. J.

In addition to the facts stated in the opinion of the Superior Court the record showed that the report of viewers upon which the lien was based was filed on May 28, 1902, and that the sheriff's sale in foreclosure proceedings was on February 4, 1903.

The court entered judgment for defendant on the case stated.

*Error assigned* was in entering judgment for defendant on the case stated.

*David L. Starr,* for appellant, cited: Haspel v. O'Brien, 218 Pa. 146.

*George H. Quaill,* for appellee, cited: Shaw v. Allegheny City, 115 Pa. 46; Allegheny City's App., 41 Pa. 60; Pittsburg's App., 70 Pa. 142.

OPINION BY HEAD, J., February 26, 1909:

The mortgage, the foreclosure of which resulted in the sheriff's sale, when recorded in 1899, was, admittedly the first lien against the lot described in it.  The ordinance of the plaintiff borough, authorizing the improvement of the street on which the lot fronted, was not enacted until after the mortgage had been recorded.  The work was done still later, and as the result of the report of viewers, confirmed by the court, a municipal lien or claim, for $168.35, was filed in court against the lot.  A scire facias was then issued on the mortgage, a judgment obtained and a sale by the sheriff followed which produced a fund sufficient only to pay the costs of the writ, leaving nothing to be applied either to the mortgage debt or the municipal claim.

The appellant contends, (a) that if the sale had produced a fund sufficient to pay its claim, over and above the costs, its lien would have been discharged by the sale and it would have taken the money to the exclusion of the mortgage; (b) that as the fund was not sufficient to thus pay, its lien was not affected by the sale and still grasps the land in the hands of the purchaser.  Both of these claims are exceptional and in contravention of the general and well-established principles regulating the discharge of liens by judicial sales and their transfer to and payment out of the fund produced by such sales.  That the legislature, by statute, has made and may make exceptions to these general rules is not denied.  But he who would successfully assert that any particular claim possesses these unusual and extraordinary incidents, must be able to point to some clear expression of the legislative will creating them.  Statutes enacting that public taxes, for instance, should be a lien upon the real property against which they are assessed and should have "priority over and be fully paid and satisfied before any lien (except other taxes) on said real estate," have been construed by our courts, and it has been held that such acts were not effective to preserve the lien of such taxes, after a judicial sale, even if the fund, realized from such sale, was insufficient to satisfy the lien: Allegheny City's Appeal, 41 Pa. 60; Shaw v. City of Allegheny, 115 Pa. 46.  It seems clear, therefore, that in order to sustain its contention that its lien survived the sheriff's sale, the

appellant must rely upon legislation which goes farther than the acts construed in the cases cited.

We are not asked to say that prior to the passage of the Act of May 16, 1891, P. L. 69, there was any legislation which would support the claim here advanced by the appellant. That act expressly declared that municipal claims for improvements, when duly filed, should "remain a lien upon said properties until fully paid and satisfied." But it is conceded that act was repealed by the Act of June 4, 1901, P. L. 364. If, however, the latter act, whilst repealing the former one, had re-enacted the provision just quoted, then, under the authority of Haspel v. O'Brien, 218 Pa. 146, we should be obliged to hold that there had been no break in the continuity of the legislation and that the provision had remained in force from the time of the original enactment. There is nothing in that case, however, to warrant the claim that the act of 1901 exhibits any intention on the part of the legislature of generally preserving such liens against property which had been sold at a judicial sale. No such question was there raised or considered. We must then resort to the act itself to determine what it enacts.

In the second section it is declared that all taxes assessed on any property shall be a first lien on said property and be first payable out of the proceeds of any judicial sale of it—save only the costs of sale. In the third section the same provision exactly, omitting only the word "first," is made for municipal claims. If we are to follow the construction given to similar legislation in the cases earlier cited, it must be clear there is nothing in either of these sections that would save the liens they create from being discharged by a judicial sale. We then turn our attention to the thirty-second section.

That section first provides that "a judicial sale of the property liened shall not discharge the lien of any other tax or municipal claim than that upon which such sale is had, except to the extent that the proceeds realized are sufficient for its payment." Clearly enough, we think, the language quoted applies only to a sale which itself is founded on a tax lien or municipal claim. It so declares in terms. Where, in such a sale a fund is produced and there are several tax liens or municipal claims the order of

priority and distribution among them is next provided for. But "mortgages . . . . which were recorded . . . . before the actual doing of the work in front of the particular property for which the municipal claim is filed, shall not be disturbed by such sale unless a prior lien is also discharged thereby." In cases where a lien for taxes has been filed more than five years the section finally provides for a special kind of sale after all parties interested have had notice and a day in court. But nowhere in this section—and we are referred to no other—has it been declared that in all judicial sales whether founded on mortgages, judgments, recognizances, decrees or otherwise, a tax or municipal claim shall remain and continue to be a lien on the property in the hands of the purchaser, unless actually paid out of the proceeds of the sale.

We must therefore conclude that the act of 1901 manifests no legislative intent to preserve such liens from the result that would ordinarily follow a judicial sale. And this conclusion is greatly strengthened by the fact that in the Act of May 28, 1907, P. L. 280, the legislature has undertaken to amend the thirty-second section of the act of 1901 by enacting the very provision which, we are asked to hold, the earlier act already contained. Since the amendment of 1907 the thirty-second section declares: "The lien of a tax or municipal claim shall not be divested by any judicial sale of the property liened, as respects so much thereof as the proceeds of such sale may be insufficient to discharge." Here, then, is the clear legislative warrant that would have supported the appellant's contention had the law been so written at the time of the sheriff's sale in this case. But we do not feel at liberty to read into the act of 1901 a provision which our lawmakers enacted only in 1907. We are of the opinion, therefore, that the learned court below was right in holding that the judicial sale on the mortgage discharged the plaintiff's lien and in entering judgment, on the case stated, in favor of the defendant.

Judgment affirmed.

PORTER, J., dissents.