# Hopkins, Appellant, *v.* Rettinger.

*Tax liens—Tax sale—Divestiture of lien—City of Pittsburg.*

1. Until the passage of the general Act of June 4, 1901, P. L. 364, amended by the Act of May 28, 1907, P. L. 280, tax liens in the city of Pittsburg were regulated and governed by the Act of May 16, 1857, P. L. 541, and not by the Act of March 22, 1877, P. L. 16, which was declared unconstitutional in Safe Deposit & Trust Co. v. Fricke, 152 Pa. 231.

2. A judicial sale in the year 1888, of land situated in the city of Pittsburg divested a tax lien on such land, even though the proceeds of the sale were not sufficient to pay the lien in full.

3. There is nothing in the Act of February 3, 1824, P. L. 18, extended to Allegheny county by the Act of April 5, 1844, P. L. 199, the language being practically similar to the Act of May 16, 1857, P. L. 541, which justified the court in concluding, as in Pittsburg's Appeal, 70 Pa. 142, that if on any judicial sale enough to pay off the taxes was not realized the unextinguished balance continued to be a lien.

4. Statutes providing that taxes shall be a lien which shall be fully paid and satisfied before other liens, are to be construed as not preserving the lien of such taxes from divestiture by judicial sale.

Argued Oct. 27, 1910.  Appeal, No. 147, Oct. T., 1910, by plaintiff, from judgment of C. P. No. 4, Allegheny Co., Third Term, 1907, No. 360, for defendant non obstante veredicto in case of Andrew Hopkins v. Anthony Rettinger.  Before Brown, Mestrezat, Potter, Elkin, Stewart and Moschzisker, JJ.  Reversed.

Ejectment for land in the city of Pittsburg.  Before Carnahan, J.

The facts are stated in the opinion of the Supreme Court.

At the trial the jury returned a verdict for plaintiff. Subsequently the court entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Thomas L. Kane,* for appellant.—The general rule is well settled, that judicial sales of real estate divest all liens, including tax liens, and the creditors are remitted to the proceeds of sale for payment of their claims: Shaw v. Allegheny City, 115 Pa. 46; Bellevue Boro. v. Umstead 38 Pa. Superior Ct. 116; Dungan's App., 88 Pa. 414; McKay v. Trainor, 152 Pa. 242; Pittsburg v. Hughes, 13 Pa. C. C. Rep. 535.

The law is well settled, that statutes which give priority of lien and payment to tax liens and direct that they be fully paid and satisfied before any other liens against the real estate, do not prevent the discharge of such tax liens by judicial sale, notwithstanding the proceeds of sale may not be sufficient to pay them: Bellevue Boro. v. Umstead, 38 Pa. Superior Ct. 116; Shaw v. Allegheny City, 115 Pa. 46.

Under the act of February 3, 1824, extended to Allegheny county by act of April 5, 1844, tax liens were divested by judicial sale of the real estate upon which they were assessed: Allegheny City's App., 41 Pa. 60.

*William A. Jordan,* with him *Thos. D. Chantler, W. H. McClung* and *S. A. Will,* for appellee.—A number of cases have been decided by this court, in all which it has been held that a judicial sale will not divest a lien for taxes, unless enough be realized at the sale to pay the taxes and costs. Some of these cases are as follows: Pittsburg's App., 70 Pa. 142; Eaton's App., 83 Pa. 152; Olyphant Boro. v. Egreski, 29 Pa. Superior Ct. 116; Haspel v. O'Brien, 218 Pa. 146; Phila. v. Powers, 214 Pa. 247; Allegheny City's App., 41 Pa. 60; Phila. v. Cooke, 30 Pa. 56; Smith v. Simpson, 60 Pa. 168; Phila. v. Meager, 67 Pa. 345; Sneathen's Est., 22 Pa. Superior Ct. 45.

OPINION BY MR. JUSTICE MOSCHZISKER, January 3, 1911:

The controlling question is, Did a judicial sale in the city of Pittsburg in the year 1888 divest a tax lien when the proceeds of the sale were not sufficient to pay the lien in full?

The city of Pittsburg levied and assessed taxes for 1887 and 1888 on a piece of ground owned by one Dunker. Thereafter judgment d. s. b. was entered by one Porte against Dunker, and on April 2, 1888 under an execution on this judgment the property covered by the tax assessments was sold to one Lunn. The proceeds of this sale being insufficient to pay the taxes, on September 24, 1889, a tax lien was entered against Dunker, and thereunder on March 6, 1891, the property in question was sold to one Chantler.

The plaintiff claimed title through Lunn and the defendant through Chantler. The action was in ejectment and the jury rendered a verdict for the plaintiff, but the court below entered judgment for the defendant n. o. v. on the theory that the judicial sale to Lunn did not divest the tax lien and the subsequent sale under that lien passed title to Chantler.

The lien was filed under the Act of March 22, 1877, P. L. 16, providing for the levy, collection and disburse-

ment of taxes in cities of the second class. The eleventh
section of this act declares that "taxes shall remain liens
until fully paid and satisfied and shall not be divested by
any judicial sale except to the extent to which distribu-
tion shall be made out of the proceeds of such sale."
This part of the act is void for the reason that it offends
against those clauses in sec. 7 of art. III of the constitu-
tion which ordain that the general assembly shall pass no
local or special law "authorizing the creation, extension
or impairing of liens, . . . . or prescribing the effect of
judicial sales of real estate:" Safe Deposit & Trust Co. v.
Fricke, 152 Pa. 231. The provision under discussion
never having been law, and this case having arisen prior
to the general Act of June 4, 1901, P. L. 364, as amended
by the Act of May 28, 1907, P. L. 280, the fourth sec-
tion of the Act of May 16, 1857, P. L. 541, relating to
the city of Pittsburg, governed, and this provides that
"Taxes . . . . shall be a lien . . . . and said lien shall
have priority to, and shall be fully paid and satisfied be-
fore any . . . . debt, obligation or responsibility which
said real estate may become charged with or liable to."

Statutes providing that taxes shall be a lien which shall
be fully paid and satisfied before other liens, have been
repeatedly construed as not preserving the lien of such
taxes from divestiture by judicial sale: Allegheny City's
App., 41 Pa. 60; Shaw v. City of Allegheny, 115 Pa. 46;
Bellevue Boro. v. Umstead, 38 Pa. Superior Ct. 116.
Hence the general rule that a judicial sale discharges all
liens applied, and the sale in 1891, under a tax lien which
was discharged in 1888, could not have passed the title
to Chantler, through whom the defendant claimed.

In holding that the tax lien was not discharged by the
sheriff's sale in 1888, the learned court below fell into
error through following what it conceived to be our con-
struction of the Act of 1824, P. L. 18 (extended to the
county of Allegheny by the Act of April 5, 1844, P. L.
199); the language of that act being practically similar
to the act of 1857. The first of the cases relied upon by

the court below, Pittsburg's App., 70 Pa. 142, deals with sec. 19 of the Act of January 6, 1864, P. L. 1131, wherein it is provided: "If on any . . . . judicial sale, enough be not realized to pay off the lien, it shall continue to be a lien, until the whole amount, with the costs, be paid in full." In discussing this act, Chief Justice THOMPSON there said: "Generally judicial sales divest all liens. But the Legislature thought proper to enact at least the equivalent of the provision contained in the Act of 1824 'that the assessment should be and remain a lien until fully paid and satisfied,' by the clause quoted above, 'that if on any judicial sale enough was not realized to pay off the lien, it shall continue to be a lien until the whole amount shall be paid with costs.' This provision corresponds with our decision in 1861 under the Act of 1827 (should be Act of 1824, as appears from an examination of the original manuscript): Allegheny City's App., 41 Pa. 60. We held that the words quoted, meant, that if enough to pay off the taxes was not realized by the sale, the unextinguished balance continued to be a lien." As this dictum concerning the act of 1824 has crept into other of our cases, and as it led the court below into error, it is well now to explain it away.

The act of 1824 does not contain any provision to the effect "that the assessment should be and remain a lien until paid and satisfied." The provision is simply that such lien shall be fully paid and satisfied before other liens. Allegheny City's App., 41 Pa. 60, does not hold that under the act of 1824 such liens remain until fully paid and satisfied. On the contrary, after a discussion of that act we there say, "A judicial sale discharged the lien and turned the municipal corporation over to a resort to the fund raised by the sale . . . . the public were supposed to have been secured by the provision which made such claims prior liens to all others."

Eaton's App., 83 Pa. 152, cited by the court below, construes the Act of February 28, 1866, P. L. 116, and holds that upon a judicial sale thereunder taxes not paid

in full continue to be a lien. But, after quoting the words of that act to the effect that taxes shall be a lien which shall continue until fully paid and discharged, it is there said, "Such have been the decisions of this Court upon the construction of the first section of the Act of February 3, 1824, P. L. 18, . . . . which, in this respect, does not materially differ from this law." In that case, this dictum in reference to the act of 1824 comes from the opinion in Pittsburg's App., 70 Pa. 142, which we have already explained.

The last case, Phila. v. Powers, 214 Pa. 247, was decided under the Act of March 11, 1846, P. L. 114, which expressly provides that the lien shall not be divested by any judicial sale "as respects so much thereof, as the proceeds of such sale may be insufficient to discharge and pay."

The act of 1857 contains no provision that a tax lien shall remain until fully paid and satisfied, and none of the cases relied upon by the court below are authority for holding that the language employed in that act is sufficient to take liens out of the general and well-established principles regulating their discharge by judicial sales. Having ruled this point for the appellant it is unnecessary to decide the other questions discussed by counsel.

The assignments of error are sustained, the judgment is reversed, and judgment is here entered for the plaintiff.