## Avalon Borough School District, Appellant, *v.* Weeks et al.

Argued April 12, 1935.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker and Rhodes, JJ.

*Wm. A. Walker,* for appellant.

*Ralph H. Demmler,* with him *John M. Bash,* for appellees.

*Hill Burgwin,* of *Burgwin, Scully & Burgwin,* for Dollar Savings Bank.

Opinion by Parker, J., July 18, 1935:

The question involved in this appeal is whether a tax claim filed by the school district of the Borough of Avalon on April 15, 1933, for unpaid school taxes for the year 1930 was divested by a judicial sale held on October 5, 1933, where the bid or purchase price was sufficient to pay the costs of the sale and all taxes due for the year 1930 and prior years.

On petition of the owner of the land affected by the lien, a rule to show cause why the lien should not be stricken off was granted and no answer was filed. After argument, the court below struck off the lien and the plaintiff has appealed. The facts, which are simple and not disputed, are set forth in the petition to strike off and, as a result, we have a pure question of law for consideration. The premises were sold for $825.61 and the costs amounted to $119.28, leaving the sum of $706.33 for distribution, which was more than sufficient to pay the amount of the plaintiff's claim for taxes for 1930 as well as all other taxes due for 1930 and prior years. The question of law was correctly decided by the court below.

It is a general principle of law that liens on real estate are divested by judicial sale unless specifically preserved by some statute: Presbyterian Corp. v. Wallace, 3 Rawle 109; Bellevue Boro. v. Umstead, 38 Pa. Superior Ct. 116; and this principle applies to liens for local taxes even where the proceeds of the sale are insufficient to pay the claim in full: Hopkins v. Rettinger, 230 Pa. 192, 194, 79 A. 255; Com. v. Lowe Coal Co., 296 Pa. 359, 364, 145 A. 916. The appellant relies upon the Act of May 16, 1923, P. L. 207 (53 PS 2021, et seq.), to save its lien from divestiture.

By Section 2 of the Act of 1923 (53 PS 2022) it is provided: "All taxes which may hereafter be lawfully imposed or assessed on any property in this Commonwealth ...... shall be and they are hereby declared to be a first lien on said property ......; and such liens shall have priority to and be fully paid and satisfied out of the proceeds of any judicial sale of said property, before any other obligation, judgment, claim, lien, or estate with which the said property may become charged or for which it may become liable, save and except only the costs of the sale and of the writ upon which it is made." Section 3 of the same act (53 PS

2023) provides that municipal claims shall have priority to and be fully paid and satisfied out of the proceeds of any judicial sale of said property before other obligations, etc., saving and excepting costs of sale and taxes imposed or assessed upon the property. Section 31 (53 PS 2051) provides in part as follows: "Nor shall the lien of a tax or municipal claim be divested by any judicial sale of the property liened, as respects so much thereof as the proceeds of such sale may be insufficient to discharge ...... On any such sale being made all tax claims shall be paid out of the proceeds thereof: first, the oldest tax having priority; and municipal claims shall be paid next, the oldest in point of lien having priority." In view of the fact that the Act of 1923 does not preserve the lien for taxes where the proceeds of a judicial sale are sufficient to pay such claim in full, we can come to no other conclusion than that the lien was here divested. The principle involved is not materially different from that in Olyphant Boro. v. Egreski, 29 Pa. Superior Ct. 116, 120, Judge PORTER there saying: "In the present case the property sold for an amount more than sufficient to pay the municipal claim, and the property was discharged from the lien. The fund was more than sufficient to pay the claim and primarily applicable to the lien, the failure of the plaintiff to claim and receive it did not reimpose the burden of the lien upon the land in the hands of the purchaser at the sheriff's sale."

The argument of the learned counsel for the appellant does not seem to seriously question the principles to which we have referred, but he urges, in effect, that the tax having been converted into a lien filed of record, it assumed the characteristics of a municipal claim, and that he is therefore protected under Section 3 of the Act of 1923. In the first place, the act carefully defines the terms "tax claim" and "municipal claim," the former as a claim filed to recover taxes and the latter as

a claim filed to recover for various municipal improvements, for the removal of nuisances, or for water rates, lighting rates, or sewer rates. In other words, a claim filed for taxes is not a municipal claim as that term is used in that particular act of assembly. In any event, the school district did not lose its right to claim from the proceeds of this sale by reason of the fact that it filed its tax claim. It still had priority over all taxes for subsequent years and consequently the plaintiff cannot, as it is attempting to do here, have recourse to property in the hands of a purchaser who was not responsible for the taxes when they were levied. To now adopt a different rule not only is without reason but would tend to confusion.

The appellant, in its statement of the question involved, assumed that the bid was taxes and costs, but such is not the case and we do not need to now decide what the result would have been if the sheriff should have seen fit to have accepted such a bid, for here, as disclosed by appellant's own petition, the bid was a definite sum of money, as we have indicated.

Judgment affirmed.