## Mifflin Township et al. *v.* Macey et ux. (et al., Appellant).

Argued April 19, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

464

*Julius L. Schoenberg,* with him *W. M. Ewing,* for appellant.

*G. Roy Keitzer,* with him *Harry E. McWhinney,* for appellee.

OPINION BY PARKER, J., July 13, 1939:

This appeal raises the single question whether a sheriff's sale of an undivided interest in real estate divests the liens of taxes, which are liens upon the entire property, where the sale yields a sufficient sum to cover such taxes and the amount of such taxes is definite in amount, due and payable. The court below held that the liens were divested as to the undivided one-third sold, but that the liens on the remaining two-thirds were not divested. We are of the opinion that the court below erred and that the liens of all the taxes were divested.

Thomas E. Macey died testate after devising certain real estate, including that herein involved to his three children, Ivey K. Dolan, Thomas E. Macey, Jr. and Lillian M. Ackinclose. On September 11, 1933, the undivided one-third of a parcel of real estate in Mifflin Township, Allegheny County was sold, to the plaintiffs in the execution at sheriff's sale on a judgment against Lillian M. Ackinclose for a sum sufficient to pay the costs of sale and all taxes. At the time of the sale there were road and school taxes on this particular real

estate, definite in amount, due and payable, aggregating $469.10. Liens for all of said taxes have been entered in the office of the prothonotary for Allegheny County.

Subsequently Ivey K. Dolan acquired the one-third interest so sold and presented to the court below the petition which originated this proceeding, praying that the court direct the liens for taxes be stricken from the record. A rule to show cause was issued and answers were filed on behalf of the township and the school district.

By §2 of the Act of May 16, 1923, P. L. 207 (53 PS §2022) taxes assessed on property are made a first lien on the property and are required to "be fully paid and satisfied out of the proceeds of any judicial sale of said property, before any other obligation, judgment, claim, lien or estate ...... save and except only the costs of the sale and of the writ upon which it is made." Consequently a tax claim for unpaid taxes for a specified year is, divested by a judicial sale subsequently held where the purchase price is sufficient to pay the costs of the sale and the taxes in question: *Avalon Boro Sch. Dist. v. Weeks*, 118 Pa. Superior Ct. 85, 179 A. 913.

"The lien here resembles a judgment against both; it bound the interest in the whole land; the tenants in common being respectively entitled to an undivided moiety in the whole, neither having the whole of an undivided moiety. On a sale of the interest of one tenant in common by execution on a judgment against him, the lien of a prior judgment against both is payable out of the proceeds: and the lien of these taxes being against the land of both jointly, is in the nature of a joint judgment, and must be paid out of the proceeds of sale": *Moroney v. Copeland*, 5 Wharton 407, 419. Also see *City v. McGonigle*, 4 Phila. 351.

It remains to inquire whether there has been any statutory change in the law as declared by the Supreme

Court in the Moroney case. The appellee relies upon §6 of the Act of 1923 as amended by Act of May 4, 1927, P. L. 733 (53 PS §2026) and the Act of April 25, 1929 P. L. 776 (72 PS §5661). The court below relied alone on the act of 1929.

The act provides: "Any joint tenant, tenant in common, or coparcener of seated and unseated lands in this Commonwealth shall have the right to pay his, her, or their proportionate part of the amount of taxes due thereon, and it shall be the duty of the tax collector or the county treasurer, as the case may be, to receive and receipt for the same, and the interest of any such joint tenant, tenant in common, or coparcener shall not be affected by any proceeding or sale to enforce payment of taxes on the other interests in said land."

As we interpret this act it merely gives to a tenant in common the right to pay his share of the taxes and if he does so, then his interest may not be sold and "shall not be affected by any proceeding or sale to enforce payment of taxes on the other interests in said land." The tenant in common, Mrs. Ackinclose, did not exercise her right to so pay the taxes. Consequently, she was not entitled to the benefits of the act as she did not bring herself within its terms. By implication the legislature affirmed the ruling of the Supreme Court in the Moroney case. Save for the privilege given a tenant in common of paying his or her share of the taxes and thus relieving her share of the real estate from liability for the remaining taxes, the legislature made no change in the law as it had been. If the legislature had intended to make the radical change suggested by the appellee, it would certainly have done so in language that could not be misunderstood for it would have been a simple matter to have so provided.

All that we have said with reference to the Act of 1929 applies to the sixth section of the Act of 1923.

The order of the court below is reversed and it is

directed that the rule to show cause originally issued be made absolute and that an order issue discharging the real estate from the liens of the taxes described in the original petition.