## Lackawanna County v. Jessick

*S. U. Colbassani,* for petitioner.
*W. J. Kearney,* contra.

HOBAN, J., November 4, 1940.—Michael Bochniowich filed two separate petitions asking the court to strike off and discharge certain tax liens entered against real estate now owned by him, and to stay or set aside a county treasurer's sale as to such taxes. One petition deals with the taxes for the years 1930, 1931, and 1932, covered by tax liens no. 5128, year 1933, no. 4391, year 1936, and no. 18826, year 1937, respectively. The other petition seeks exactly similar relief as to the lien of taxes for the years 1933 and 1934, taxes for the said year 1933 being included in tax lien no. 12369, year 1938. At the time of the sheriff's sale through which petitioner derived his title, the taxes for the year 1934 had not been entered as a lien in the office of the prothonotary.

390

From the pleadings and stipulations, filed by counsel, it appears that the particular property under consideration was at one time owned by one Joseph Traczyk. Traczyk mortgaged the property to the Polish National Union on May 6, 1927. On June 9, 1927, by appropriate conveyances, Traczyk caused the title to the property to be conveyed to Joseph Traczyk and his wife and Paul Dziezyc and his wife. The effect of these transfers was to vest an undivided one-half interest in the property in Traczyk and his wife and the other undivided one-half interest in Dziezyc and his wife. In 1935 the Polish National Union, mortgagee, foreclosed on the property under the original bond and mortgage given by Traczyk in 1927, and at a sheriff's sale held September 6, 1935, the property was sold by George T. Williams, Sheriff of Lackawanna County, to the Polish National Union. At the sheriff's sale the Polish National Union bid "taxes and costs" and actually paid to the sheriff the sum of $597.96, of which sum $170.53 was applied to the costs of the proceedings and the balance, $427.43, was applied to taxes, notice of which had been given to the sheriff by various taxing authorities. In the foreclosure proceedings defendant was mentioned as Joseph Traczyk, no mention being made of Paul Dziezyc (or Paul Jessick).

During the course of their joint ownership Traczyk and Dziezyc had their respective shares of the property assessed separately by the county assessors, and at the sheriff's sale, above referred to, the taxing authorities only submitted notices to the sheriff to collect the taxes assessed against Joseph Traczyk. The sum of $427.43 paid by the sheriff represented the taxes assessed against Joseph Traczyk for the tax years from 1928 to 1935, inclusive, so that as a result of the sheriff's distribution the liens of the taxes against Traczyk's one-half interest in the property were discharged.

Counsel for the respective parties in this proceeding have stipulated that the question to be determined by the court is whether or not the tax liens mentioned in the

caption hereof, and referred to in the opening paragraph of this opinion, were discharged through the sheriff's sale and under the facts as stated above.

In our opinion only such tax liens are discharged by a sheriff's sale as could be paid from the proceeds of such sheriff's sale, after first paying the costs of such sale, and this whether or not the taxes were submitted by any taxing authority to the sheriff for collection, and regardless of the fact that the "bid" at the sheriff's sale was for taxes and costs. There are a number of decisions which make it clear that the lien of taxes is divested where the proceeds of a judicial sale are sufficient to pay such claim in full. See Harrisburg Trust Co. v. Romberger et al., 135 Pa. Superior Ct. 394, and Avalon Borough School Dist. v. Weeks et al., 118 Pa. Superior Ct. 85.

The Act of May 16, 1923, P. L. 207, sec. 31, 53 PS §2051, provides as follows:

"The lien of a tax or a municipal claim shall not be divested by any judicial sale of the property liened, where the amount due is indefinite or undetermined, or where the same is not due and payable; nor shall the lien of a tax or municipal claim be divested by any judicial sale of the property liened, as respects so much thereof as the proceeds of such sale may be insufficient to discharge . . ."

Section 2 of the same act (53 PS §2022), after providing that taxes are first liens on property, together with all charges, expenses and fees added for failure to pay promptly, then sets forth:

". . . and such liens shall have priority to and be fully paid and satisfied out of the proceeds of any judicial sale of said property, before any other obligation, judgment, claim, lien, or estate with which the said property may become charged or for which it may become liable, save and except only the costs of the sale and of the writ upon which it is made."

In Avalon Borough School Dist. v. Weeks et al., supra, the court clearly decided that where the sale realized a sufficient sum of money to pay a specific tax claimed the

claim was discharged and divested by the judicial sale, but in that case the court did not consider or decide what the result would have been if the sheriff should have accepted a bid for taxes and costs.

The case of Harrisburg Trust Co. v. Romberger et al., supra, definitely decided that whether or not notice of taxes, which were liens against the property under the sale, had been filed with the sheriff, if the proceeds of the sale were sufficient to pay the taxes in their order of priority, the liens of such taxes as could have been paid from the proceeds of the sale were discharged: this even though taxes which were paid from the proceeds of the sale were junior in age to the taxes of which the sheriff had no notice. But in the Harrisburg Trust Company case the sale was for a specific sum of money and no bid of taxes and costs was involved in the consideration of the matter.

Both the Act of 1923 and the cases are very clear that the proceeds of a judicial sale must first, after costs of the sale and the writ, be applied to the payment of taxes or tax claims in the order of their seniority. Note that the statute uses specifically the word "proceeds" and nowhere is there any mention of the word "bid". The word "proceeds" means simply what the sheriff received from a purchaser of the land at a judicial sale. In the case at bar the sheriff received, after costs, the sum of $427.43. This amount should have been applied in the order of seniority to the payment of such taxes as were at the time of the sale liens against the property.

In order to arrive at an exact determination of the priority in which the taxes and tax liens against this property should have been paid, it will be necessary to tabulate according to years the various taxes due upon the interests of both Traczyk and Dziezyc, together with such costs, penalties, or interest as had accrued thereon at the time of the sheriff's sale September 6, 1935. The liens of so much of the senior taxes against both interests as would be wholly included within the sum of $427.43

would be divested by the sheriff's sale, whether or not such taxes had been reported to the sheriff for collection. The remaining unpaid taxes which could not have been wholly included within the sum representing the proceeds of the sheriff's sale, however, were not divested of their lien by virtue of said sale.

We are of the opinion, therefore, that only such of the liens included within the scope of these proceedings as might have been wholly paid from the proceeds of the tax sale are divested.

Now, November 4, 1940, counsel for the parties are directed to submit a tabulation of the exact amounts due for all tax claims against this property as of September 6, 1935. Thereupon formal orders will be entered as to the separate petitions considered herein.