## Davidson's Estate

*C. E. Brockway*, for petitioner.

*Nathan Routman*, city solicitor, for respondent.

ROWLEY, P. J., June 20, 1941.—This matter is before the court upon a petition to strike from the tax lien docket certain taxes against real estate.

The real estate in question was sold by the executrix of the deceased owner by virtue of an order of court for the payment of debts.

The amount of taxes had been determined definitely and same were due and payable at the time of the sale of the real estate. The total amount of the tax claim was $384.54. The proceeds of the sale were $800.

"By §2 of the Act of May 16, 1923, P. L. 207 (53 PS §2022) taxes assessed on property are made a first lien on the property and are required to 'be fully paid and satisfied out of the proceeds of any judicial sale of said property, before any other obligation, judgment, claim, lien or estate . . . save and except only the costs of the sale and of the writ upon which it is made.' Consequently a tax claim for unpaid taxes for a specified year is divested by a judicial sale subsequently held where the purchase price is sufficient to pay the costs of the sale and the taxes in question . . .": Mifflin Township et al. v. Macey et ux. et al., 136 Pa. Superior Ct. 463, 465.

It appears that the proceeds of the sale were distributed to costs of the sale, compensation of executrix and her counsel, children's exemption, costs of audit, etc.

Apparently the executrix was the purchaser of the real estate. It seems that she also obtained the children's exemption of $500.

The result obtained in the instant case by applying the above-quoted rule of law is a bit anomalous.

We are, nevertheless, of the opinion that the rule of law which discharges taxes upon a judicial sale, where the proceeds are sufficient to pay the cost of the sale and the taxes, was intended for the protection of the purchaser. The child of the deceased owner who becomes the purchaser is as fully protected by the rule as any other purchaser.

If the taxing authorities desired to challenge the claim for a children's exemption, or any of the claims approved by the auditor, they should have acted when such were presented for allowance.