## Vorndran *v.* Franz, Appellant.

*Landlord and tenant—Agreement to pay water rent—Lease—Interest.*

Where an owner of two contiguous lots on one of which he resides, and on the other of which is located a factory, leases the factory under a lease by which the lessee covenants to pay for water used in the factory, and the lessor is compelled to pay a water rent bill charged up against the factory lot, he can recover such payment from the lessee.

In such a case where the plaintiff claims in the same suit interest on a note, but the jury returns a verdict for the exact amount of the water charge, without allowing the interest, the fact that a claim for interest was made but not sustained does not prejudice the defendant.

Argued Dec. 14, 1915.    Appeal, No. 82, Oct. T., 1913, by defendant, from judgment of C. P. No. 1, Philadelphia Co., March T., 1912, No. 3359, on verdict for plaintiff in case of John Vorndran v. Charles F. Franz, Jr. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.    Affirmed.

Appeal from judgment of justice of the peace.

At the trial it appeared that the plaintiff claimed to recover water rent which he had been compelled to pay for a number of years for water used in a factory leased to the defendant by the plaintiff. The lease contained a covenant on the part of the defendant to pay the water

rent for water used in the factory. The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $42.40. Defendant appealed.

*Errors assigned* were (1) in admitting the water rent bills, and (3) in refusing binding instructions for defendant.

*Roland R. Foulke,* for appellant.

*A. B. Repetto,* of *Repetto & Gandolfo,* for appellee.

OPINION BY HENDERSON, J., March 1, 1916:

The plaintiff was the owner of lots 2015 and 17 on North Hancock street, in Philadelphia, on the rear part of which was a building called a factory. He leased the factory and part of a stable to the defendant. The lease contained the following provision: "And the said parties to this agreement hereby covenant and agree that he, the said Charles Franz, Jr., shall also pay all charges for water rent which are to be paid for water used in said factory." The principal part of the plaintiff's claim was for water rent paid by him during the five years of the tenant's occupancy of the premises which the latter had failed to pay. As part of the plaintiff's case city water bills paid by him were offered in evidence. Objection was made to this evidence and the objection overruled. The first assignment of error takes exception to this action of the court. There can be no doubt of the liability of the lessee for the water rate of the factory. He did not pay it and the plaintiff testified that the amount covered by the bills was paid by him. The bills were properly admitted, therefore, in connection with the plaintiff's testimony to prove the amount paid. The bills were charged to the property No. 2015, but there was parol evidence that the water supply to that number was for the factory and a question for the jury neces-

sarily arose on that subject. The plaintiff's testimony was uncontradicted to the effect that the water covered by the bills was used in the factory which occupied the rear of that lot. There was no building on the front of it. The house occupied by the plaintiff was on No. 2017. The case was clearly one of fact and it would have been an error on the part of the court to have given binding instructions for the defendant. The claim for interest on the note was evidently disallowed by the jury for the verdict was for the exact amount of the water charge. No prejudice resulted to the appellant therefore, on account of the claim for interest. The refusal to grant a new trial is not a subject of error. The only other assignments relate to the admission of the water bills and the refusal of the court to give binding instructions. In respect to both of these subjects of complaint the action of the court was proper.

The judgment is affirmed.