## Adam Scheidt Brewing Company's Petition

*High, Dettra & Swartz*, for petitioner.
*E. Arnold Forrest*, for respondent.

KNIGHT, P. J., December 9, 1938.—From the stipulation filed of record by counsel, we find that in 1935 one

Louis Graski was the owner of certain properties known as nos. 72 and 74 Poplar Street, in the Borough of Conshohocken, Pa., upon which properties petitioner, Adam Scheidt Brewing Company, owned a mortgage. Petitioner foreclosed the mortgage, and upon a writ of levari facias, as of the above term and number, the property was sold at sheriff's sale on June 26, 1935, to petitioner, for the sum of $7,650.

On or about October 8, 1935, the Sheriff of Montgomery County filed a schedule of distribution, and the sheriff's deed, dated October 8, 1935, was subsequently acknowledged and recorded.

Taxes for the year 1935 were levied and assessed against the aforesaid properties, as follows:

### No. 72 Poplar Street

| | |
|---|---|
| County Tax (February 1935) | $7.88 |
| Borough Tax (February 1935) | 41.20 |
| School Tax (February 1935) | 40.69 |
| | $89.77 |

### No. 74 Poplar Street

| | |
|---|---|
| County Tax (February 1935) | $3.47 |
| Borough Tax (February 1935) | 18.13 |
| School Tax (February 1935) | 17.91 |
| | $39.51 |

These taxes have not been paid, nor did the sheriff's schedule of distribution include the 1935 taxes, for the reason that no notice was ever given the sheriff that they were unpaid. The elected tax collector of the Borough of Conshohocken for the year 1935 failed to qualify, and Edward A. Lorenz was appointed tax collector by the borough council on June 12, 1935. Subject to approval of his bond, he received the duplicate for the borough taxes on June 28th, and on July 22, 1935, he was appointed by the county commissioners as the collector of county taxes, and on the same date he received the county duplicate. Mr.

Lorenz has never occupied the position of tax collector of the school taxes in the Borough of Conshohocken. On May 5, 1936, Mr. Lorenz filed in the office of the county commissioners liens against the aforesaid properties for the 1935 taxes, in the amounts set forth above.

On this state of facts petitioner seeks to have the liens set aside and stricken from the record, for the reason that they were discharged by the sheriff's sale of June 26, 1935.

Section 2 of the Act of May 16, 1923, P. L. 207, provides that:

"All taxes which may hereafter be lawfully imposed or assessed on any property in this Commonwealth . . . shall be and they are hereby declared to be a first lien on said property. . . ."

The Act of May 22, 1895, P. L. 111, sec. 1, enacts that "the lien of all taxes now or hereafter to be levied or assessed against any real estate within this Commonwealth shall be divested by any judicial sale of such land: Provided, The amount of the purchase money shall equal the amount of the said taxes." Section 2 of the same act makes it the duty of the officer having taxes for collection, or of the county commissioners before the taxes have been certified for collection, to give notice to the sheriff selling the land of the amount of taxes against the same and such taxes are to be paid out of the proceeds of the sale first after payment of the costs.

It is agreed that notice of the unpaid taxes was not given the sheriff before distribution, and the proceeds of the sale were more than sufficient to pay the taxes and costs of the sale.

Does the fact that there was not a qualified tax collector save the present lien from divestment?

In support of the liens, counsel has relied solely upon his interpretation of the provisions of the Act of 1923, supra, sec. 31, which in part reads as follows:

"The lien of a tax or a municipal claim shall not be divested by any judicial sale of the property liened, where

the amount due is indefinite or undetermined, or where the same is not due and payable. . . ."

Counsel contend that "due and payable" means capable of being paid, and since there was no tax collector to receive the taxes, they were not "due and payable" at the time of the sale.

It is not the availability of the tax collector which makes a tax "due and payable", but rather the imposition or assessment of the tax by the application of the rate to the valuation. Taxes cannot become "due and payable" until they have been assessed; it is the assessment that makes the taxes and fixes the time when they become "due and payable": Laird v. Hiester, 24 Pa. 452; Heft v. Gephart, 65 Pa. 510; Broad & Sansom Realty Co. v. Fidelity Building Corp., 292 Pa. 287 (1928); Fame B. & L. Assn. v. Graber et ux., 25 D. & C. 59 (1935).

By section 2 of the Act of 1923, supra, taxes "lawfully imposed or assessed" are made a first lien. Taxes are imposed and assessed when the proper authorities have fixed the millage or rate and it is applied to the valuation. The lien exists at the moment the taxes are assessed; they are then due and payable.

In the case at bar, it is admitted that the county, borough, and school taxes were imposed or assessed before the sheriff's sale, so that a lien for taxes existed against the real estate at the time of the sale. The taxes being a lien at the time of the sale, and the proceeds thereof being sufficient to pay them, the lien is discharged by the sale.

It may well be that it is immaterial, so far as the divestment of the lien is concerned, that no notice was ever given the sheriff or even that there was no tax collector.

The General Borough Act of May 4, 1927, P. L. 519, sec. 901, as amended by the Act of May 18, 1933, P. L. 817, provides in detail a procedure to be followed, where a vacancy in the office of the collector exists, or where a tax collector shall fail to file a bond, as required by law.

Article V of the School Code of May 18, 1911, P. L. 309, provides a similar procedure in the case of school taxes.

There was ample time for the Borough Council of Conshohocken, as well as the school board, to avail themselves of the statutory procedure, and this failure or neglect to do so promptly should not work to the disadvantage of the purchaser at the sheriff's sale. Even in the absence of the tax collector, the county commissioners were capable of giving the required notice, which would have required the sheriff to pay the 1935 taxes from the proceeds of the sale.

Counsel for the Borough of Conshohocken has cited several cases from foreign jurisdictions, in which the courts have held that where a taxpayer could not pay a tax through no fault of his own, he should not be penalized.

This is a different situation than that presented by the case at bar. Here the taxpayer could have paid the taxes as under existing law there was always some authority competent to receive them.

Counsel also questions the constitutionality of the Act of 1895, supra, for the reason that the title of the act contains no notice to tax collectors of their duty under the terms of the act to give notice to the sheriff of taxes due on lands to be sold by judicial sale.

This statute has been in existence for over forty-three years, and no attack has been made upon its constitutionality in our appellate courts. We do not see any merit in the contention of counsel for the borough. The act is titled "An act providing for the divesture of liens of taxes levied or assessed against lands sold at judicial sales, and for the payment of the same out of the proceeds of such sales."

We think this sufficient notice to any tax collector, that the lien of taxes in his hands for collection will be divested by a judicial sale, and that he should look further into the act to see how such taxes might be collected from the proceeds of said sale.

And now, December 9, 1938, the rule is made absolute, and the liens are stricken from the record.