## Harrisburg Trust Company *v.* Romberger et al., Appellants.

Argued March 17, 1939.

Before KELLER, P. J., CUNNING-HAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Walter R. Sohn,* County Solicitor, for appellants.

*Maurice Yoffee,* with him *Caldwell, Fox & Stoner,* for appellee.

OPINION BY BALDRIGE, J., April 21, 1939:

This appeal is from the final decree of the learned court below ordering tax liens for the years 1932, 1933,

and 1934 against the properties, known as Nos. 17 and 21 Cowden Street, Harrisburg, to be divested and stricken from the records of the county commissioners, county treasurer, and school district of the city of Harrisburg.

The petition to strike off the liens, which, it is conceded, accurately contains the facts involved in this dispute, averred that the plaintiff is the owner of the properties aforesaid, having purchased them from John K. Caldwell who acquired title thereto on January 7, 1937, when they were sold by the sheriff as the property of John E. Barr for the sum of $1,941.13.

In the distribution of the fund realized, the sheriff, after paying the costs and expenses of the sale, applied the sum of $1,130.61 to the payment of all the taxes returned and filed with him. No notice was filed with the sheriff of the school taxes for 1933 and 1934 or the county taxes for 1932, 1933, and 1934, totalling $210.60, the amount of the liens in dispute. Claims for the 1936 school and county taxes were filed and paid. These taxes had been assessed when Barr owned the properties and were open on the books of the county treasurer. If notice of these unpaid taxes had been filed with the sheriff, they would have been paid in full as they had priority to some of the taxes paid.

The appellants contend that, notwithstanding the failure of the county treasurer to give notice of the unpaid taxes, they should not be stricken from the record as under the Act of May 29, 1931, P. L. 280, as amended May 22, 1933, P. L. 940 (72 PS §5971a et seq.), they remain liens on the real estate sold by the sheriff.

The appellee's position is that these taxes are not liens as the price the properties brought was sufficient to pay them.

The Act of May 22, 1895, P. L. 111, §§1, 2 (53 PS §§2022a and b), provides that the lien of all taxes levied or assessed against any real estate shall be divested by a judicial sale thereof, provided the amount of

money realized shall equal the amount of the taxes; that it is the duty of any officer having taxes for collection against any land to be sold to give notice to the officers or persons selling such land of the amount of the taxes, and they shall be paid out of the proceeds arising from the sale after the payment of costs.

This statute was followed by the Act of May 16, 1923, P. L. 207. It is too long to quote in full but the parts thereof material to this case are section 2 (53 PS §2022) which provides that the taxes shall be a first lien and have priority and be fully paid out of the proceeds of any judicial sale, and section 31 (53 PS 2051) which states that the lien of a tax shall not be divested by any judicial sale of property liened, if the proceeds of such sale are insufficient to discharge it.

In *Avalon Borough School District v. Weeks et al.,* 118 Pa. Superior Ct. 85, 179 A. 913, the plaintiff filed a claim for unpaid school taxes for the year 1930 against the proceeds arising from a judicial sale in 1933 for a sum sufficient to pay the costs of the sale and all taxes due for the year 1930 and prior years. We held that the 1930 tax was divested, and directed that the tax lien be stricken from the record as under the Act of 1923, supra, the lien of taxes is not preserved where the proceeds of the judicial sale are sufficient to pay such claim in full.

The appellants argue that what we said in that case is not applicable as the taxes involved there were levied before the Act of 1931, supra, was passed. We do not concur in that view. The 1931 statute relates to delinquent taxes on seated lands. It requires the collector to make a return to the county commissioners of the unpaid taxes, provides for a lien thereof, and authorizes the county treasurer to collect the taxes and to sell the seated lands of the delinquents at public sales. It provides further in sections 4 and 5 (72 PS §§5971d and e), as does the Act of 1923 in section 2 (53 PS §2022), that all taxes unpaid and returned

shall be a first lien and shall be fully paid and satisfied out of the proceeds of any judicial sale; that the tax returned and filed shall remain a lien upon the property until fully paid.

The appellants assert that the Act of 1931 extends the provisions of the Act of 1923, and by implication repeals the latter act where it is inconsistent therewith. Section 18 of the Act of 1931 (72 PS §5971a note), however, expressly provides: "Nothing contained in this act shall be construed to repeal the act approved the sixteenth day of May, one thousand nine hundred and twenty-three." In the face of that notice, it can hardly be said that the legislature intended by implication to repeal the Act of 1923, which it definitely said should not be repealed. The 1923 statute is a procedural act "Providing when, how, upon what property, and to what extent, liens shall be allowed for taxes ......; the effect of judicial sales of the properties liened ......; the distribution of the proceeds of such sales......" Under its provisions, the municipality may file tax liens with the prothonotary. The legislature, in the Act of 1931, authorizes the tax collectors to return the unpaid taxes to the county commissioners, who shall enter them, with a description of the land, etc., in a Tax Return Docket, which previously had not been kept. The statute inaugurated a new procedure relating to the filing and docketing of delinquent taxes, but there is nothing therein that conflicts with the Act of 1923 as it did not attempt to alter the duty of the county treasurer to give notice to the sheriff of any claim for unpaid taxes assessed against the property to be sold at sheriff's sale or the manner of distributing the fund realized from the sale. If the legislature had contemplated that the Act of 1923 should be superseded in those respects by the Act of 1931, it would have specifically said so instead of expressly stipulating that it was not repealed. Judicial sales, the subject of the 1923 Act, are not mentioned

or even suggested in either the title or the body of the 1931 Act. We find no such repugnancy between the two acts as to require us to hold that the latter impliedly repeals the earlier one. See *Braun, Sheriff, to use of Louik v. DeRosa,* 128 Pa. Superior Ct. 318, 325, 194 A. 514.

The Act of 1923 being effective when the taxes were assessed and the property having been sold for a sufficient sum to pay the taxes, the failure to file notice of them discharged the liens.

The decree of the learned court below is affirmed, at appellants' costs.