## City of Williamsport v. Ulman

*John C. Youngman,* for petitioner.

*Charles R. Bidelspacher, Jr.,* for City of Williamsport.

HUMES, J., August 18, 1941.—In this case there was a sale upon a mortgage foreclosure instituted by Josephine K. Ulman against her mortgagor, one Knauff. Mrs. Ulman's attorney bid $874.21, and the property was sold to her. The sheriff, prior to the sale, had received a list of liens, and, after the purchase price was paid, he made distribution according to such list, first, of course, applying the funds to costs, then to the liens, which were all tax liens, and finally paying the balance to the attorney as commission.

Unfortunately, it later appeared that there were other tax liens outstanding, which had not been entered on the list of liens given the sheriff, and the sheriff, having no knowledge of these liens, did not retain the money for them. These taxes remain unpaid, being the 1931 city tax of $76.97, and the 1931 poor tax, $16.47. The city maintains that these liens still remain impressed upon the property, and the land owner maintains that, since sufficient money was bid and paid in to the sheriff to satisfy the liens, the liens are now divested by operation of law, although the money was distributed elsewhere.

This matter comes before the court upon petition of the purchaser of the lands seeking to have stricken off

the judgment covering such tax liens. The statute applicable is the Act of May 22, 1895, P. L. 111.

The primary question before the court is whether the attorney's commission is to be considered as part of the costs; if it is, then when the costs, including such commission, were paid, sufficient "amount of the purchase money" would not remain to "equal the amount of said taxes," and thus satisfy the requirement of the act. A second question would then arise, that of the order of payment of the outstanding tax liens, the fund being sufficient to satisfy some of the liens, but not all. That question, however, need not be, and therefore is not, considered because we will hold that the attorney's commission is not part of the costs; therefore, the amount of the purchase money remaining after the costs were paid did equal the amount of the taxes, the requirements of the act are met, and petitioner is entitled to the relief sought.

We see nothing in the argument of respondent-plaintiff that Mrs. Ulman, having represented that the commission was part of the costs, now is estopped from maintaining that it is not such a cost; we see nothing to uphold the premise that she ever made such representation. . . .

### Conclusions of law

1. That attorneys' commissions stipulated for in a warrant of attorney accompanying a bond, or in a mortgage or note, are not costs: Klein, Judgment by Confession in Pennsylvania, p. 171, and cases cited therein.

2. That by virtue of the provisions of the Act of May 22, 1895, P. L. 111, the lien of taxes for the year 1931, to wit, Williamsport city tax, $76.97, and poor tax, $16.47, has been divested by the judicial sale of such land, since the amount of the purchase money equaled and was in excess of the amount of such taxes: Harrisburg Trust Co. v. Romberger et al., 135 Pa. Superior Ct. 394; Avalon Borough School District v. Weeks et al., 118 Pa. Superior Ct. 85.

But compare Lackawanna County v. Jessick, 40 D. & C. 389, where the proceeds were not sufficient to pay the taxes.

*Order*

And now, August 18, 1941, the rule issued August 1, 1940, upon the City of Williamsport to show cause why the judgment in the above-captioned case should not be stricken from the record is made absolute, and the judgment is ordered stricken off.