## Berks County Trust Co. v. Wymbs

*Robert G. Coglizer*, for plaintiff.

*Jerome Myers* and *Wallace G. Moser*, for tax collector.

*Ernest Gazda*, for purchaser.

EAGEN, J., March 19, 1945.—This is a case stated sur exceptions filed to a sheriff's schedule of distribution.

The facts in brief are as follows: The Sheriff of Lackawanna County, by virtue of a writ of fi. fa. issued out of this court at the instance of plaintiff, duly sold a piece of real estate located in the City of Scranton on January 1, 1945. At the time of sale, the sheriff had in his possession a statement of unpaid city, school, county, and institutional district taxes for years prior to 1945, but the tax collector had failed to present to the sheriff any statement or demand for payment of the taxes for the year 1945. However, on February 5, 1945, the tax collector did file with and present to the sheriff a statement of the taxes on the property involved for the year 1945. Said taxes were as follows:

| | |
|---|---|
| County of Lackawanna | $120.31 |
| City of Scranton | 430.20 |
| School District of Scranton | 525.00 |
| Lackawanna County Institution District | 48.13 |
| Lackawanna County Institution District (special tax) | 10.94 |
| Total | $1134.58 |

These taxes were all levied and assessed prior to the date of the sheriff's sale and the dates when the rate of levy or millage was fixed by the governmental bodies is as follows: Lackawanna County on December 30, 1944; Scranton School District on November 27, 1944;

City of Scranton on December 20, 1944; Lackawanna County Institution District on January 2, 1945. The return of the sheriff's distribution was filed on February 7, 1945. It made no provision for payment of the 1945 taxes. Proceeds of the sale were sufficient to pay all taxes claimed but not sufficient to pay plaintiff's debt in full. Exceptions were duly filed by the purchaser and by the tax collector.

The question for decision, therefore, is whether or not the 1945 taxes should be paid out of the sum realized at the sale? It is our conclusion that an affirmative answer is correct and that the exceptions should be sustained.

Under section 2 of the Act of May 16, 1923, P. L. 207, 53 PS §2022, all taxes properly imposed and assessed constitute a first lien upon real estate. The lien is divested by judicial sale of the property liened, if the proceeds of such sale are sufficient to pay the taxes in full: Act of May 22, 1895, P. L. 111, secs. 1 and 2, 53 PS §2022(a), 2022(b); Act of 1923, supra, sec. 31. See Harrisburg Trust Co. v. Romberger et al., 135 Pa. Superior Ct. 394.

In this issue the taxes involved were levied and assessed prior to the sale and in our opinion were due and payable from January 1, 1945. In Broad & Sansom Realty Co. v. Fidelity Bldg. Corp., 292 Pa. 287, 291, the court said:

"Assessed, as used in our taxing statutes and as here used, means a certain sum of money, fixed under a given rate on property valuation, due and payable as taxes. Taxes cannot become due until they have been assessed; it is the assessment that makes the taxes and fixes the time when they become due and payable: Laird v. Heister, 24 Pa. 452; Heft v. Gephart, 65 Pa. 510; McDermott v. Hoffman, 70 Pa. 31."

In Schermer v. Wilmart, 282 Pa. 55, 59, the court said in deciding whether taxes and water rent for the current year as between vendor and vendee are to be

apportioned or wholly paid by the vendor where the agreement is silent on the matter:

"By statute both are payable as of the beginning of the year, the taxes being, in addition, a lien on the land, as of that date."

In Ellis v. Houseknecht, 57 Pa. Superior Ct. 55, 60, it was held that "taxes become due and payable from the moment of the levy and assessment. This has been the general rule of practice throughout the state, upon which taxes are adjudged as due in judicial and private sales of land, and should not be disturbed without positive statutory direction." See also Adam Scheidt Brewing Co.'s Petition, 34 D. & C. 485, Halkett Co. v. City of Philadelphia, 115 Pa. Superior Ct. 209, King v. Mt. Vernon Bldg. Assn., 106 Pa. 165, and Theobald v. Sylvester, 27 Pa. Superior Ct. 362.

Counsel for the judgment creditor argues that the Act of July 28, 1941, P. L. 569, amending the Act of April 26, 1935, P. L. 90, and the Act of July 2, 1937, P. L. 2791, definitely fixes the date when taxes become due and payable in cities of the second class A as of March 1st. We do not so understand this legislation. While it does specify that "taxes shall be payable at face during the month of March", it also provides for payment during the month of January with a discount. This is similar to the practice employed by business firms of allowing a discount on bills paid promptly. Certainly because a discount is given to stimulate early payment of indebtedness one cannot reasonably assert that the bill is not due and payable during the period the discount is permitted.

Therefore, the taxes being due on the date of sale, it was the duty of the tax collector to give notice thereof to the sheriff. The fact that notice was given before the distribution was made even though the sale had already occurred renders it mandatory upon the sheriff to pay these taxes out of the proceeds of the sale: Grigg v. Benson et al., 29 Dist. R. 853.

Now, March 19, 1945, the exceptions filed herein to the schedule of distribution of the sheriff are sustained. The sheriff is directed to amend his schedule of distribution to provide for payment of the taxes due for the year 1945 to the tax collector of the City of Scranton.