## Saba et ux. v. Ferguson

*George Fenner, Sr.,* for plaintiffs.
*Louis Feldmann,* for defendant.

VALENTINE, P. J., for court en banc, January 14, 1948.—This is a rule to open a money judgment entered upon a confession contained in a written lease. The lease in question was executed on April 2, 1943, between plaintiffs and defendant, Hannah Ferguson, and her husband, Frederick Ferguson, now deceased.

The leased premises were described as the "second and third floors with the use of halls and bathroom in common with tenant on the first floor of premises at No. 288 Barney Street, Wilkes-Barre City, Luzerne County, Pennsylvania".

The lease was for the period of one year from May 1, 1943, with the usual renewal clause. The rental is designated as "twenty-two dollars and fifty cents per month payable on the first day of each and every month

in advance, bath and halls to be used in common with tenant on the first floor, also to pay one half of coal and one half of electric bill".

A rider, attached to the lease, provides:

"Now, this . . . . . . . .day of April, A. D. 1943, in consideration of the execution by Mr. and Mrs. Saba of the within lease the undersigned hereby agree that in the event a bathroom is provided for the first floor apartment of the demised premises and a provision of lease altered so that the tenant in the second floor apartment has use of a bathroom on the second floor alone, the undersigned will pay as additional rental for the demised premises, said rent starting with the first day of the month after the completion of the installing of said bathroom, additional rent per month of $1.50."

Prior to December 1946 the first floor of the building was occupied by a tenant who paid one half of the cost of the coal used to heat the first and second floors. In December 1946 the first floor apartment became vacant. Plaintiffs contend that thereafter, during the period of vacancy, defendant became liable for the payment of the entire coal bill. Defendant asserts that her liability is limited to one half of the cost of heating the premises.

We are of the opinion that defendant, as tenant, is obligated to pay only the cost of one half of the coal used for heating purposes. The words used in defining the additional liability of the lessee are not to be unduly extended, and the imposition of such liability must be clear: Broad & Sansom Realty Co. v. Fidelity Building Corp., 292 Pa. 287. If it was the intention of the parties that one tenant should pay the entire cost of heat, in the event one floor of the building became vacant, the lease should have so provided. But it did not. Such intention is, at least, doubtful, and defendant's liability for the total cost is not clearly expressed.

Rule absolute.