## Kalteyer, Appellant, v. Fishman.

Argued October 3, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Ralph B. Umsted,* with him *Lewis H. Trautz,* for appellant.

*Benjamin F. Kivnik,* for appellee.

OPINION BY GUNTHER, J., January 17, 1956:

This is a suit in assumpsit to recover excess water and sewer rent. Plaintiff leased premises to defendant for a period of three years beginning September 1, 1952. The lease provided, inter alia: "Lessee further agrees to pay as additional rent, if there is a metered water connection to the said premises, all charges for water consumed upon the demised premises in excess of the yearly minimum meter charge . . . immediately when the same become due" and a similar clause applicable to sewer charges. On August 16, 1954, plaintiff sold the premises and notified the defendant of that fact. Defendant then entered into an agreement with

the new owner by which defendant agreed to remove from the premises and was released from all liability. On the day defendant moved, the City of Philadelphia inspected the water meter on the premises and determined the amount of excess water and sewer rent due. The plaintiff paid these charges plus a penalty several months later. The above facts are contained in the complaint, answer and new matter. Plaintiff moved for judgment on the pleadings, which was denied by the court below and plaintiff has appealed.

Plaintiff contends that defendant's liability for water charges arose when consumed and not merely when billed after a meter reading and therefore defendant owed the amount claimed when ownership of the premises was transferred. Defendant maintains that the charges became due only when billed and made payable, at which time plaintiff was no longer the owner. There is no dispute as to the amount involved.

The error in defendant's argument is the contention that the water and sewer charges are rents. "Taxes, water rent, and gas bills cannot be considered as rent or included therein unless there is an intention to so consider them which must be clearly expressed in the contract between the parties." Stern's Trickett on Landlord and Tenant, 3d Ed. p. 78. Such charges as water and sewer rent are really in the nature of taxes. *Phila. v. N. Snellenburg & Co.*, 163 Pa. Superior Ct. 507, 63 A. 2d 480. When the lessor pays such charges he normally can recover from the lessee. *Vorndran v. Franz*, 62 Pa. Superior Ct. 405. The fact that the plaintiff and defendant are not in a lessor-lessee relationship at the time the charges or taxes are payable does not mean, as would be true with rent, that the plaintiff has no rights against the lessee. Thus, in *Broad & Sansom R. Co. v. Fid. Bldg. Corp.*, 292 Pa. 287, 141 A. 34, the lessor recovered two months' taxes under a lease

providing for lessee to pay the taxes on August 31, even though the lease was terminated in March.

The lease provides that the lessee shall pay for all excess water consumed when the same shall become due. The intent of this provision is clearly that the lessee should pay such charges directly or reimburse the lessor if the latter is forced to pay. The amount of the water and sewer charges was uncertain and unascertainable at the time the premises were sold by the plaintiff, and also at the time the defendant made arrangements with the new owner. They therefore could not have been a factor in the negotiations among the parties, as would rent, which is a sum certain payable at specified times. It is obvious that defendant is attempting to escape a legal obligation by interpretation. Since the amount of the charges, pro rata, is not in dispute, judgment should be entered on the pleadings in favor of the plaintiff.

Judgment reversed and the record is remitted to the lower court for entry of judgment in favor of the plaintiff in the amount of $193.14, with interest from January 3, 1955.