## Swartzlander Petition

*Leonard R. Apfelbaum*, for petitioners.

*Louis Cohen*, for respondent.

FORTNEY, P. J., December 6, 1965.—This matter comes before the court upon a petition to strike from the tax lien docket certain taxes against real estate. The material allegations of the petition are admitted, and the facts are, therefore, not in dispute.

It appears from the record that petitioners are the owners of certain real estate in the City of Sunbury,

municipally numbered 237 Pine Street, having purchased them from Fred A. Phillips and Maude E. Phillips, his wife, who acquired title thereto on May 23, 1963, from the Farmers State Bank of Dalmatia, the bank being the purchaser on November 13, 1961, at a sheriff's sale, when the property was sold as that of Edward English and Betty English, his wife.

The taxes, the lien of which is here in dispute, are for the years 1959 and 1960 and total $105.11, exclusive of interest and penalties. The testimony taken does not indicate, but our examination of the record discloses, that the taxing authorities of the City of Sunbury returned the unpaid taxes on this property for the year 1959 on May 1, 1960, and the unpaid taxes for the year 1960 on May 1, 1961. This was in compliance with the Act of May 29, 1931, P. L. 280, sec. 1, as amended, 72 PS §5971a. It is apparent that these taxes were a matter of record in the office of the then county treasurer prior to the sheriff's sale of November 13, 1961.

The Act of May 16, 1923, P. L. 207, 53 PS §7103, in section 2, provides that taxes assessed on property are made a first lien on the property and are required to ". . . be fully paid and satisfied out of the proceeds of any judicial sale of said property, before any other obligation, judgment, claim, lien or estate . . . save and except only the costs of the sale of the writ upon which it is made". The premises here in question were sold by the sheriff for the sum of $568.41. The record discloses the proceeds of the sale were distributed to the costs of the sale and compensation for counsel for plaintiff in the writ, as well as an amount for water and sewer rent. There can be no doubt that the proceeds of this judicial sale were sufficient to pay the taxes here in question, and should have been paid out of the proceeds realized after the actual costs of the sale and the writ upon which it was made.

It is true the county treasurer failed to give notice of the unpaid taxes then of record in his office. This failure, however, should not work to the detriment of a subsequent purchaser of these premises who, we feel, should not be penalized for the failure of officials to properly protect and collect the lien of taxes of record. See Harrisburg Trust Co. v. Romberger, 135 Pa. Superior Ct. 394; Davidson Estate, 42 D. & C. 595. Since the property was sold for a sufficient sum to pay these taxes, the failure to file notice of them discharged the liens.

Hence, the following

ORDER

And now, December 6, 1965, the rule heretofore issued is made absolute, and the liens of the taxes levied and assessed for the years 1959 and 1960 against the premises municipally numbered 237 Pine Street, Sunbury, Pa., are divested and discharged.